In re IBP CONFIDENTIAL BUSINESS
DOCUMENTS LITIGATION.

**Hughes A. BAGLEY, Appellee,**

v.

**IOWA BEEF PROCESSORS,
INC., Appellant.**

No. 83–1894.

United States Court of Appeals,
Eighth Circuit.

Sept. 11, 1986.

---

Before LAY, Chief Judge, and HEANEY, BRIGHT,* ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN and MAGILL, Circuit Judges, En Banc.

## ORDER

FAGG, Circuit Judge.

Iowa Beef Processors, Inc. (IBP) petitions this court for rehearing en banc. As a basis for its petition, IBP asserts this court "grievously misread" the Supreme Court's opinion in *McDonald v. Smith,* 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). Specifically, IBP asserts that under *McDonald* the status of the plaintiff in a petitioning case is entirely irrelevant and rather that whenever the right to petition is exercised, that right is afforded the protection of the *New York Times* actual malice standard. *See New York Times Co. v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964).

We have considered IBP's contention and reject it. In so doing, we reaffirm the holding of our en banc opinion that "in the area of defamation, first amendment petitioning is protected by the same constitutional principles identified by the Supreme Court as applicable in other cases involving defamatory first amendment speech." *Bagley v. Iowa Beef Processors, Inc.,* 797 F.2d 632, 642 (8th Cir.1986). More precisely, we again conclude that the principles applicable to other types of first amendment speech, including the public figure/private figure distinction adopted by the Supreme Court in *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 344–47, 94 S.Ct. 2997, 3009–10, 41 L.Ed.2d 789 (1974), are fully applicable to defamatory first amendment petitioning activity.

This conclusion is in no way inconsistent with the Supreme Court's decision in *McDonald.* In *McDonald,* the plaintiff was an unsuccessful candidate for the position of United States Attorney and thus was clearly a public figure for first amendment purposes. It follows that under any circumstance the plaintiff in *McDonald* could have recovered only after establishing the defendant acted with *New York Times* actual malice. Consistent with this necessity, the Supreme Court was careful to find that the common law of North Carolina, under which the action was brought, is consistent with *New York Times. McDonald,* 105 S. Ct. at 2791.

Additionally, in response to defendant's contention that petitioning was entitled to a higher degree of first amendment protection than other types of first amendment speech, the *McDonald* Court stated that to accord petitioning greater protection than other first amendment freedoms (as is now suggested by IBP)

would elevate the Petition Clause to special First Amendment status. The Petition Clause, however, was inspired by the same ideals of liberty and democracy that gave us the freedoms to speak, publish, and assemble. These First Amendment rights are inseparable, and there is no sound basis for granting greater constitutional protection to statements made in a petition to the President than other First Amendment expressions.

*Id.* at 2791 (citations omitted).

This theme of coequality was strongly echoed by Justice Brennan in his concurring opinion when, after discussing the common origin and overlapping nature of the various first amendment freedoms, *id.* at 2791–94 & nn. 2–3, he concluded that "[t]here is no persuasive reason for according greater or lesser protection to expression on matters of public importance depending on whether the expression consists of speaking to neighbors across the backyard fence, publishing an editorial in the local newspaper, or sending a letter to the President of the United States," *id.* at 2794.

* The HONORABLE MYRON H. BRIGHT assumed senior judge status on June 1, 1985.

Because first amendment petitioning receives neither more nor less protection than other first amendment freedoms, we conclude the same constitutional principles that have been developed by the Supreme Court with respect to other first amendment freedoms, including the public figure/private figure distinction, are applicable in this case.

IBP's petition for rehearing en banc is denied.

ARNOLD, Circuit Judge, with whom BRIGHT, Senior Circuit Judge, and McMILLIAN and MAGILL, Circuit Judges, join, dissenting from denial of rehearing en banc.

I respectfully dissent from the denial of the petition for rehearing.

Ordinarily, I would be content with the dissenting opinion previously filed by Judge Bright, in which Judge McMillian and I joined. The Court en banc has ruled, after full consideration, and there is not much point in pursuing the matter further in this Court (though the Supreme Court may find the case interesting, and I hope it does). I write separately at this time simply to take note of the point made in the petition for rehearing: that *McDonald v. Smith*, 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985), establishes that *"whenever* the right to petition is exercised, that right is afforded the protection of the actual malice standard; the nature of the communication and not the *status* of the defamation plaintiff is the touchstone."  This summary of *McDonald*, which I have quoted from page 1 of the petition for rehearing, is, in my view, correct.

In other words, whether the plaintiff is a limited-purpose public figure or not, the statements by defendant on which he sues were contained in a petition to Congress for redress of grievances, and they should therefore be protected by the First Amendment to the extent indicated in *McDonald*. At the new trial, plaintiff should not be allowed to recover damages unless he proves actual malice.